```
 1  STEPHEN A. SCOTT (SBN 67467)
    sscott@hayesscott.com
 2  M. COLLEEN RYAN (SBN 258359)
    cryan@hayesscott.com
 3  HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
    203 Redwood Shores Parkway, Suite 480
 4  Redwood City, CA 94065
    Telephone:   650.637.9100
 5  Facsimile:   650.637.8071

 6  Attorneys for Defendants
    OAKLAND COLISEUM JOINT VENTURE,
 7  CITY OF OAKLAND, ALAMEDA COUNTY
    and SMG (erroneously sued as SMG CORPORATION)
 8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. MISSUD, and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OAKLAND COLISEUM JOINT VENTURE; CITY OF OAKLAND; ALAMEDA COUNTY; SMG CORPORATION; DOES 1-100; ROE Corporations I-X,<br><br>    Defendants. | CASE NO. 3:12-cv-02967-JCS<br><br>**OAKLAND COLISEUM JOINT VENTURE, CITY OF OAKLAND, ALAMEDA COUNTY AND SMG'S JOINT AND SEVERAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE PUNITIVE DAMAGES**<br><br>Date:    December 21, 2012<br>Time:    9:30 a.m.<br>Dept.:    G – 15th Floor<br>Judge:    Joseph C. Spero<br><br>Complaint filed: June 7, 2012 |

414409

DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB
ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ALLEGED FACTS ............................................................................................................. 1

III. A MOTION TO STRIKE SHOULD BE GRANTED ....................................................... 3

    A. The Court Has the Authority to Strike The Improper Prayer for Punitive Damages, References to Web Addresses, and References to Class Action ................................................................................................................ 3

    B. Plaintiff Fails to Plead Ultimate Facts To Support His Claim For Punitive Damages ............................................................................................................. 4

    C. The Complaint Fails to Demonstrate that a Class Action Could Be Maintained on the Facts Alleged ........................................................................ 5

    D. Missud Cannot Be a Class Representative and Class Counsel ............................. 6

    E. Use of Web Address in the Complaint Is Improper ............................................... 7

IV. CONCLUSION .................................................................................................................. 7

414409

i

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Airlines, Inc. v. Sheppard. Mullin, Richter & Hampton*
    (2002) 96 Cal. App. 4th 1017 ............................................................................................ 5

*Apple Computer, Inc. v. Superior Court*
    (2005) 126 Cal.App.4th 1253 ............................................................................................ 6

*Best Buy Stores, L.P. v. Sup. Ct. (Boling)*
    (2006) 137 Cal.App.4th 772 .............................................................................................. 6

*Brousseau v. Jarrett*
    (1977) 73 Cal.App.3d 864 ................................................................................................. 4

*Caira v. Offner*
    (2005) 126 Cal.App.4th 12 ................................................................................................ 5

*Castano v. American Tobacco Co.*
    (5th Cir. 1996) 84 F.3d 734 .............................................................................................. 6

*Hart v. Baca*
    (C.D.Cal. 2001) 204 F.R.D. 456 ....................................................................................... 4

*In re UTStarcom, Inc. Securities Litigation*
    (N.D. Cal. 2009) 617 F.Supp.2d 964 ................................................................................ 3

*Martin v. Dahlberg, Inc.*
    (C.D. Cal. 1994) 156 F.R.D. 207 ...................................................................................... 6

*Sanders v. Apple Inc.*
    (N.D. Cal. 2009) 672 F.Supp.2d 978 ................................................................................ 5

*Spencer v. DHI Mortgage Co.*
    (E.D. Cal. 2009) 642 F.Supp.2d 1153 ............................................................................... 4

*Wilkerson v. Butler*
    (E.D. Cal. 2005) 229 F.R.D. 166 ...................................................................................... 3

**STATUTES**

American with Disabilities Act ................................................................................................ 1, 5

California Business and Professions Code section 17200 ..................................................... 1, 13

413740

ii

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**


California Civil Code section 3294 .................................................................................... 2, 4

California Civil Code seciton 3294(a) ................................................................................. 4

California Civil Code section 3284 ...................................................................................... 5

Clean Water Act .................................................................................................................. 1

Federal Rule of Civil Procedure, Rule 12(f) .................................................................... 3, 4

Federal Rules of Civil Procedure, Rule 23(a) ..................................................................... 5

Federal Rules of Civil Procedure, Rule 23(b) ..................................................................... 5

Federal Rules of Evidence, Rule 201 .................................................................................. 7

National Highway and Motor Vehicle Safety Act ............................................................... 1

413740

iii

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

# I.
# INTRODUCTION

Defendants Oakland Coliseum Joint Venture ("OCJV"), City of Oakland ("City), Alameda County ("County") and SMG [erroneously sued as SMG Corporation] (hereinafter collectively referred to as "defendants") move to strike portions of the Complaint.[1] Specifically, defendants move to strike those portions regarding: (1) prayer for punitive damages, (2) *in propria persona* Missud's prayer for attorney's fees, (3) class action lawsuit and representative Missud acting as attorney for the alleged class and (4) web addresses listed in the Complaint.

# II.
# ALLEGED FACTS

This action is brought by plaintiff Patrick A. Missud, an attorney representing himself and a purported class. Plaintiff alleges that a U-2 concert was re-scheduled for June 2, 2011. (Complaint at p.8:14-16.) Plaintiff alleges that the U-2 concert was sold-out. (Complaint at p.8:17-19.) Plaintiff alleges that defendants were to provide plaintiffs "with certain benefits or facilities which are ancillary to the Venue." (Complaint at 8:26-27.) Plaintiff alleges that in addition to providing access to the Venue, "Defendants were also to provide security; safe premise free of dangerous conditions; sanitary facilities; light; ventilation; water; safety evacuation plans; ADA ramps, walks, and elevators; on-site emergency services; and parking to name a few ancillary benefits, services, and facilities which are typically required when publically hosting 69,000 paying Invitees." (Complaint at 8:28-9:4.)

The Complaint names four defendants, Oakland Coliseum Joint Venture, City of Oakland, Alameda County, and SMG Corporation. Nine causes of action are pled and plaintiff alleges the following violations: (1) Clean Water Act; (2) Resource Conservations and Reclamation Act; (3) Americans with Disabilities Act; (4) National Highway Safety and Traffic Act; (5) Cal-Trans Violations; (6) Negligence; (7) Breach of Contract; (8) Fraudulent Inducement; and (9) Business and Professions Code section 17200 [Deceptive Trade Practices]. (Complaint at 9:6-11:9.) Plaintiff lumps all defendants together in the generic allegations made in the complaint.

---

[1] This motion is filed concurrently with defendants' Motion to Dismiss the Complaint.

414409

1

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

The Complaint does not allege facts demonstrating fraud, oppression or malice as required to pursue punitive damages under California Civil Code section 3294. Instead plaintiff alleges that "Defendants willfully violated" various federal statutes. (Complaint at 9:11-26; 10:2-5.) Plaintiff also alleges "Defendants knowingly oversold the Concert . . . Plaintiffs were fraudulently induced into buying Licenses which these Defendants knew would not be honored." (Complaint at 10:23-26.) Finally, Plaintiff alleges "Defendants "advertised the Concert in a way which misled the Plaintiffs-Invitees to believe their Licenses, once bought, would be honored at the Venue for the Concert" because "Defendant engaged in fraudulent acts by selling more Licenses for the Concert at the Venue that they were capable of accommodating." (Complaint at 11:3-7.) No allegations are made as to the contents of defendants' advertising or what occurred that caused plaintiff to believe his ticket was not honored.

Plaintiff relies upon a Wikipedia link as authority for his standing to bring suit, "Citizen suits can be filed to enforce provisions of the Federal Acts listed in the caption and petition the courts to impose injunctions, fees etc., for violations of said Acts. http://en.wikipedia.org/wiki/Citizen_suit " (Complaint at 4:26-28.) The Complaint also relies upon the following web addresses to make unknown additional vague, ambiguous and unintelligible allegations:

http://www.oaklandfiasco.com [website appears to be created by Missud]

http://dustinkeirstead.blogspot.com/2011/06/u2-traffic-nightmare-masses-speak-part.html

http://maps.google.com

http://en.wikipedia.org/wiki/Clean_Water_Act#cite_note-7

http://www.waterfrontaction.org/dd/archive/dd_council_report_2-8-05.pdf

http://www.smgworld.com/operations_development.aspx

http://pressdemocrat.com/article/20100713/ENTERTAINMENT/100719890

http://www.coliseum.com/events/sports.php

http://en.wikipedia.org/wiki/TRaffic_safety#Designing_for_pedestrians_and_cyclists

(Complaint at p. 3:15-16, 19-20; p.4:28; p.5:10-11; p.6:15, 24; p.7:19,22; p.8:20, 25 and p.12:6.)

The Complaint alleges that "class action plaintiffs [Class] are represented by Missud who

413740

2

DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS

also happens to be the attorney of record for this case." (Complaint at 2:19-20.) The prayer for relief includes "Attorneys' fees, costs, and any and all other related fees for this suit." (Complaint at 13:14.)

### III.
### A MOTION TO STRIKE SHOULD BE GRANTED

**A.  The Court Has the Authority to Strike The Improper Prayer for Punitive Damages, References to Web Addresses, and References to Class Action**

The court has the authority to strike improper provisions of a pleading. Federal Rule of Civil Procedure, Rule 12(f) provides:

> **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response id not allowed, within 21 days after being served with the pleading.

Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the litigation. (*Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).) The function of a 12(f) motion is to avoid the expenditure of time and money on litigating spurious issues prior to trial. [Internal citation omitted.] (*Id.*) A "redundant" matter consists of allegations that constitute a needless repetition of allegations foreign to the issue to be denied. (*Id.*) An "immaterial" matter has no essential or important relationship to the claim for relief pleaded. (*Id.*) A statement of unnecessary particulars in connection with and descriptive or a material matter may be stricken as immaterial. An "impertinent" allegation is not relevant to the issues involved in the action and could not be given into evidence.

The moving party must generally make two showings: (1) the challenged allegations are clearly unrelated to the pleader's claims, and (2) the moving party would be prejudiced by allowing the allegations to stay in the pleading. (*In re UTStarcom, Inc. Securities Litigation*, 617 F.Supp.2d 964, 969 (N.D. Cal. 2009).) Prejudice exists when the contested allegation would confuse the issues, or by its length and complexity, would place an undue burden on the responding party, inject

413740

3

DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS

the possibility of unnecessarily extensive and burdensome discovery, improperly increase the time, expense and complexity of trial, or otherwise unduly burden the moving party. (*See Hart v. Baca*, 204 F.R.D. 456, 457 (C.D.Cal. 2001).)

Courts may use Rule 12(f) to strike prayers for relief where the damages or other relief sought are no recoverable as a matter of law. (*See Spencer v. DHI Mortgage Co.*, 642 F.Supp.2d 1153, 1169 (E.D. Cal. 2009).)

Here, striking references to and the prayer for punitive damages is warranted because the Complaint is void of allegations that could support a claim for punitive damages. In addition, all references to "class action," "class action plaintiffs" and "Class" should be striken because the unsuitability of class treatment is evident from the face of the Complaint. Additionally, Missud cannot be a class representative while also serving as attorney for the class. Finally, the inclusion of web addresses in the Complaint is improper and adds extensive irrelevant information. As such, this Court should strike portions of Missud's Complaint as set forth in the conclusion.

**B. Plaintiff Fails to Plead Ultimate Facts To Support His Claim For Punitive Damages**

Punitive damages are available only when "the defendant has been guilty of oppression, fraud, or malice." (California Civil Code § 3294(a).) The statute goes on to explain that plaintiff must plead and prove facts and circumstances which would give rise to punitive damages:

> (c)(1) Malice means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights or safety of others.
>
> (c)(2) Oppression means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (c)(3) Fraud means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. (California Civil Code § 3294.)

In order to support a claim for punitive damages, a complaint must allege ultimate facts of the defendant's oppression, fraud, or malice. A claim for punitive damages cannot be pled generally. (*Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872 [allegations that defendant acted

413740

4

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

with "oppression, fraud and malice toward plaintiff are merely conclusory allegations"].) Punitive damages are not available unless the defendant acted in a highly malicious, intentional, and deliberate manner. (*American Airlines, Inc. v. Sheppard. Mullin, Richter & Hampton* (2002) 96 Cal. App. 4th 1017, 1050-51.) There is no separate cause of action for punitive damages, "they are only ancillary to a valid cause of action." (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 39.)

While courts are increasingly liberal with what constitutes fact pleading on a claim for punitive damages, here, the Complaint does not allege any facts which demonstrate that any defendant acted with malice, oppression or fraud. At best, plaintiff makes conclusory allegations that defendants "willfully violated" the Clean Water Act, Resource Conservation and Recovery Act, American with Disabilities Act, National Highway and Motor Vehicle Safety Act, and Cal-Trans Violations. (Complaint at 9:9-10:5.) As set forth in the accompanying motion to dismiss, Missud completely fails to plead each and every one of his claims with the requisite factual allegations and, as such, the prayer for punitive damages must be stricken.

Plaintiff's punitive damages claim necessarily fails because it is ancillary to his deficient claims and fails to make the requisite factual allegations under Civil Code § 3284. Accordingly, the Court should strike the language as indentified in the Conclusion below.

**C. The Complaint Fails to Demonstrate that a Class Action Could Be Maintained on the Facts Alleged**

Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations. (*See Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 989-990 (N.D. Cal. 2009).)

To bring a class action, a plaintiff must satisfy Federal Rules of Civil Procedure, Rule 23(a) and (b). Under Rule 23(a), a plaintiff must show that: (1) the class is so numerous that joinder of all member sis impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties will fairly and adequately protect the interests of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. In addition, Rule 23(b) must be satisfied by showing the prosecuting separate actions by individuals is superior to individual actions for one of a few of reasons, such as a class action being a superior

413740

5

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

...

method of adjudication because questions of law or fact predominate over class members.

Here, the Complaint fails to allege who would be members of the class and upon what basis a purported class could be found. Instead, the Complaint alleges the following:

> "The class action plaintiffs [Class] are represented by Missud who also happens to be the attorney of record for this case. The Class size ranges from several hundred to several thousand ordinary, average-income American citizens. They have no special interest aside from their love of music. Most class members live in cities throughout the Bay Area . . . Others of the class come from out of state . . . Individual members of the Class do not have the financial resources to separately petition their grievances . . ." (Complaint at 2:19-26.)

Even if Missud were able to coherently allege a class of plaintiffs, individual issues would predominate among a class of U-2 concert attendees. The Court would be forced to engage in individual inquiries of each class member with respect to how, where, and when they purchased their concert tickets, whether any of them saw the websites Missud lists in the Complaint, and what caused each member to purchase the concert tickets. A further example is reliance as a necessary element for fraud in the inducement, which would require all of the specific facts surrounding each individuals' decision to purchase the concert ticket. As a matter of law, a fraud action cannot be certifies when individual reliance is an issue. (*Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996); *see also Martin v. Dahlberg, Inc.*, 156 F.R.D. 207 (C.D. Cal. 1994).) In light of the foregoing a class action is not the "superior" method for adjudication of rights, nor is there a predominance of common questions of fact or law. As such, the Court should strike all allegations relating to the "class", as described in the Conclusion, without leave to amend.

**D.     Missud Cannot Be a Class Representative and Class Counsel**

A conflict of interest prohibits a lawyer from serving both as class representative and as counsel for the class. (*See Best Buy Stores, L.P. v. Sup. Ct. (Boling)*, 137 Cal.App.4th 772, 774 (2006); *Apple Computer, Inc. v. Superior Court*. 126 Cal.App.4th 1253 (2005).)

Here, Missud cannot serve as both a class representative and as counsel for the class. As such, all portions of the Complaint referring to Missud as counsel for the class should be striken as outlined in the Conclusion.

///

### E. Use of Web Address in the Complaint Is Improper

Federal Rules of Evidence, Rule 201 provides that "judicial notice of an adjudicative fact" may be taken is a "fact is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

Here, the Complaint incorrectly includes allegations entitled "Judicial Notice of Web Based Information." (Complaint at 4:10-23.) Notably, Missud fails to allege what content from these websites—one of which Missud himself created—is material to the litigation. No allegations are made as to how any of the web addresses listed in the Complaint support plaintiff's allegations against defendants. Further, the unnecessary and generic use of web addresses creates confusion, is immaterial, impertinent, and redundant to the extent that Missud makes similar allegations elsewhere in the Complaint.

None of the web addresses are authenticated or constitute undisputed facts. Defendants dispute that reliability, authenticity and admissibility of each and every one of the web addresses and their contents. The web addresses used in the Complaint are not "generally known within the trial court's jurisdictional territory." The information contained within the web sites cannot be "accurately and readily determined" and comes from "sources whose accuracy" is expressly questioned. As such, each and every web address set forth in the Conclusion should be striken from the Complaint.

## IV.
## CONCLUSION

Based on the foregoing, defendants respectfully submit that the Court strike the following portions of the Complaint:

1. Page 1:10: "CLASS ACTION."

2. Page 2:1-2: "with the class action Plaintiffs."

3. Page 2:20-26:

"The class action plaintiffs [Class] are represented by Missud who also happens to be the attorney of record for this case. The Class size ranges from several hundred to several thousand

413740

7

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

ordinary, average-income American citizens. They have no special interests apart from their love of music. Most Class members live in cities throughout the Bay Area including Gilroy, Napa and Sacramento. Others of the Class came from out of state to attend the much anticipated and historic Concert. Individual members of the Class do not have the financial resources to separately petition their grievances which is the reason why this case is filed as a class action."

    4.    Page 3:12-20:

"In their very own words:

'From space utilization to HVAC to security systems and in every discipline necessary, SMG will have an expert in the field available to you . . . . This involves reviewing/forecasting all events projections including attendance, ticket/rent revenues, . . . all staffing assumptions. . . .'

    http://ww.smgworld.com/operations developments.aspx; and

'Our successful growth has been built on the many partnerships, relationships, and resources we have developed with our clients—both municipal and private. This unique combination of resources, relationships, and expertise has allowed SMG to define and refine the industry throughout its history. Our ownership and team of dedicated corporate support personnel make us unrivalled in the field of private facility management.'

    http://www.smgworld.com/company history.aspx"

    5.    Page 3:22: "Pro-se attorney and class action representative"

    6.    Page 4:10-23:

"VII. JUDICIAL NOTICE OF WEB BASED INFORMATION

Federal Courts throughout the nation and even those applying California law within California's Northern District have deemed that web based information is reliable. *Austin v. American Association of Neurological Surgeons*, 253 F.3d 967, 7th Cir. 2001, (citing several websites and noting that "there is an abundance of up-to-date literature easily retrievable from the World Wide Web.); , 253 F.3d 967, 7th Cir. 2001, (citing several websites and noting that "there is an abundance of up-to-date literature easily retrievable from the World Wide Web.); *Grimes v. Navigant Consulting, Inc.*. 185 Supp. 2d 906, 913 and note 7; N.D. Ill. 2002, (taking judicial notice of information published on the internet and observing that "in other contexts, the Seventh Circuit

413740

8

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

has approved of taking judicial notice of reliable information published on the internet [citations].); *Modesto Irrigation District v. Pacific Gas and Electric Co.*, 61 F.Supp. 2d, 1058, 1066, N.D. Cal. 1999, (taking judicial notice of information where it 'is readily accessible through the internet.") The following paragraphs may include embedded hypertext links which incorporate by reference reliable web-based, internet information, publications and literature. Said links supplement and corroborate the following allegations, and are incorporated herein."

    7.    Page 4:25:    "AND CLASS ACTIONS STATUS"

    8.    Page 4:28:    "http://en/wikipedia.org/iki/Citizen_suit"

    9.    Page 5:4-26:

"At least several hundred class action Plaintiffs were similarly damaged.

    B.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP 23 and CCP§382 et seq., in that:

    (a)    The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. The class is expected to exceed 400 Plaintiffs: http://www.oaklandfiasco.com/ and http://dustinkeirstead.blogspot.com/2011/06/u2-traffic-nightmare-masses-speak-part.html;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class. The common questions of fact and law which predominate in this class action non-exhaustively include:

    1.    Where the Venue's Facilities are illegally used by the Defendants in violation of the Clean Water Act [CWA];

    2.    Whether the recently tax-payer restored and reclaimed Oakland Estuary, a federally protected public wetland, is being polluted by Defendants' neighboring private and lucrative financial enterprise which includes parking greasy, leaking cars in the 'overflow parking lot' during Defendants' many events;

    3.    Whether these Defendants' immediately adjoining "overflow parking lot" is a "point source emitter" as defined by the EPA's National Pollutant Discharge Elimination System;

413740

9

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

    4.  Whether these Defendants' immediately adjacent "overflow parking lot" creates wastewater as per the EPA's definition of industrial site drainage which includes silt, sand, alkali, oil, and chemical residues;

  10.  Page 6: 1-26:

    "5.  Whether these Defendants shall install a separate storm drain/runoff system to protect the immediately adjacent, federally protected wetlands, from the chemical residues which are leaching into the groundwater immediately under their "overflow parking lot;"

    6.  Whether the groundwater is in fact being contaminated by various alkali compounds, antifreeze, and motor and transmission oils, and if this in turn invokes provisions of the Reclamation and Conservation of Resources Act ([RCRA];

    7.  Whether these for-profit Defendants' improper use of their "overflow parking lot," which has already created industrial-type point-source pollution, will not require that they sponsor an environmental impact report to document the ongoing damage to the public's Oakland Estuary;

    8.  Whether the 15-foot deep, 25 square yard wetland protected by state and federal authorities for the expensive Oakland Estuary restoration project, and existing within the boundaries of these Defendants' "overflow parking lot," located just fifty fee from the Oakland Street and Zhone Way Intersection, and situated just fifty fees from the elaborate pedestrian rest area constructed at the end of Zone Way, is also being polluted by the parked cars and trash discarded by the Defendants' unsupervised Invitees: [http://google.com/ and enter <oakport st. & zhone way Oakland 94621>; use the 'street view' function and scroll right to the palm tree];

    9.  Whether these Defendants are required to provide trash receptacles, and service the same, to manage the solid wastes known to be discarded at and around their "overflow parking lot" and within the 25 square yard state and federally protected wetland;

    10.  Whether Section 209 fines should be imposed in these Defendants for each day of violation, starting from the day they knew of their CWA violations since June 16, 2011;

    11.  Whether the Section 309 fines should be set at the minimum $2,500 for the first day of willful violation, or increased to $25,000/day for the continued brazed violation of the

413740

10

**DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS**

California http://en.wikipedia.org/wiki/Clean_Water_Act#cite_note-7;

  12. Whether the Venue's Facilities, which are open to the public and offered for use by the City of Oakland and County of Alameda, violate the American with Disabilities Act [ADA];"

11. Page 7:1-27:

  "13. Whether the Defendants are to provide state and federally mandated ADA access, or other amenities such as lighting and bathrooms, appurtenant to its 'overflow parking lot' and/or any other Facilities used by consumer Invitees;

  14. Whether these Defendants must provide minimally required walkways, ramps, transitions and safety systems at and around their 'overflow parking lot' which is used by their sometimes aged or otherwise disabled consumer-Invitees;

  15. Whether the Venue's Facilities violate the National Highway Safety and Transportation Act [NHSTA];

  16. Whether the Defendants are to provide safety separation between pedestrians and vehicular traffic per the NHSTA and state CALTRANS laws;

  17. Whether the Defendants are to lawfully provide security lighting to identify the many public hazards such as rusted barbed wire surrounding the perimeter of their 'overflow parking lot,' potholes and ruts found throughout their 'overflow parking lot,' and piles of discarded debris found within and around their 'overflow parking lot;'

  18. Whether the Defendants, among which include Pennsylvania's SMG Corporation, should be allowed to rap financial windfalls from California consumers, all the while polluting California tax-payer funded reclamation projects like the Oakland Estuary for which a substantial portion of $198 million in bonds were raised by the Oakland Trust for Clean Water and Safe Parks per measure DD in 2005: http://www.waterfrontaction.org/dd/archive/dd_council_report_2-9-05.pdf;

  19. Whether the Defendants breached their contract with the Plaintiffs, and third party beneficiaries, by not providing the professional services that they admit to providing per their own website http://www.smgworld.com/operations_development.aspx;

413740

11

DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS

20. Whether the Defendants breached their contract with the Plaintiffs, who bought licenses to use the Venue and its amenities, by not making the proper staffing assumptions or providing the minimum required staff to manage the Concert which was planned for two years;

21. Whether the Class action Plaintiffs get their money back for the Defendants' breach of contract . . . ."

12. Page 8:1-11:

"(c) The representative Plaintiff's claims are typical of the claims of each member of the Class. Plaintiff Missud, only one of many consumer-Invitees, is acting as the class action representative [Plaintiffs]. In this case, Plaintiffs purchased one or more tickets/Licenses to enter the Venue on the evening of June 7, 2011. Without legal justification, the Plaintiffs were denied access to the Venue with at least one of said Licenses. The Plaintiffs properly planned their evenings allowing ample time to access the Venue.

(d) The representative Plaintiffs will fairly and adequately represent and protect the interest of the Class, and will retain additional counsel which is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims for all Class Members."

13. Page 8:20:

"http://www.pressdemocrat.com/article/20100713/ENTERTAINMENT/100719890."

14. Page 8:25:

"http://www.coliseum.com/events/sports.php"

15. Page 12:6:

"http://en.wikipedia.org/wiki/Traffic_safety#Designing_for_pedestrians_and_cyclists"

16. Page 13:8-14:

"10. That the Defendants pay punitive damages in an amount sufficient to deter them from misrepresenting the capacity of the Venue, fraudulently inducing License sales, and/or overselling seat Licenses as has been their pattern and practice over the years.

11. That the Defendants pay punitive damages in an amount sufficient to deter

1 them from conducting fraudulent business acts or practices which are unfair, deceptive, untrue, or
2 misleading per Business and Professions Code section 17200 Deceptive Trade Practices code.

3       12.    Attorneys' fees, costs, and any and all other related fees for this suit."

4 Dated: November 2, 2012       HAYES SCOTT BONINO ELLINGSON & MCLAY, LLP

6       By:  /s/ M. Colleen Ryan
7           STEPHEN A. SCOTT
          M. COLLEEN RYAN
          Attorneys for Defendants
8           OAKLAND COLISEUM JOINT VENTURE,
          CITY OF OAKLAND, ALAMEDA COUNTY
9           and SMG

413740

13

DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES, CLASS ALLEGATIONS AND WEB ADDRESSES FROM THE COMPLAINT – CASE NO. 3:12-cv-02967-JCS