IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE E. MISSUD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OAKLAND COLISEUM JOINT VENTURE, et al.<br><br>　　　　Defendants. | Case No.: 12-02967 JCS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff moves for reconsideration of the June 27, 2013 Order dismissing the First Amended Complaint with Prejudice ("Order") pursuant to Federal Rule of Civil Procedure 59(e). Request for Reconsideration of Docket # 69 ("Motion"), 1. Plaintiff asserts "that judge $pero not only ignored all evidence and twisted all laws to favor the corporate $pecial intere$t$, but caused to be filed an electronically-corrupted Order not in pdf format." *Id*. at 2. Plaintiff attaches purports to be a copy of the "electronically-corrupted" Order, which contains a number of formatting issues. Plaintiff further states that the Court improperly failed to consider a dozen pictures. *Id*. Without contending that there are any other defects in the Court's Order, Plaintiff implies that the Order was procured by fraud. *Id*. at 2-12.

Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "A district court has considerable discretion when consideration a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the

moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (internal quotation marks and citation omitted).

First, the Order, found at docket number 69, is a "pdf" file. It does not contain the formatting issues contained in the version Plaintiff attaches to the Motion. Second, the only error Plaintiff asserts is the failure to consider "a dozen" pictures. In its Order Dismissing the Complaint Without Prejudice the Court refused to consider several pictures, none of which were attached to or referenced in the Complaint. Plaintiff has not articulated any basis to conclude that the Court should have considered those pictures in the context of ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), or that the Court could have done so without improperly converting the motion to dismiss into one for summary judgment.[1] Accordingly, Plaintiff has not identified any basis to amend the judgment. The Motion is DENIED.

IT IS SO ORDERED.

Dated: July 1, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] The photographs were ostensibly attached to support Plaintiff's allegations concerning the condition of the overflow parking lot. The Court treated those allegations as true in dismissing the Complaint with leave to amend. Plaintiff did not reference the photographs, or otherwise seek to incorporate the photographs, in the First Amended Complaint.